## William H. Luden, Inc., Employees' Trust Fund

*Snyder, Balmer & Kershner,* for petitioners.

HESS, J., July 7, 1949.—On June 30, 1926, William H. Luden, Inc., a Pennsylvania corporation, created a pension trust agreement in which Fred S. Cook, Heber Ermentrout and William F. Schlesinger were named trustees, and certain funds were turned over to the trustees under said trust agreement. The settlor, William H. Luden, Inc., ceased to exist in 1928, and during the same year this court took jurisdiction of the trustees and the trust to such an extent as was necessary to prevent the trust from failing and to approve the appointment of new trustees from time to time. The present trustees are Heber Ermentrout, Charles Fox and Frederick S. Luden.

The present trustees and their predecessors in office have from time to time during the years filed their accounts in the prothonotary's office of our court, which said accounts, after proper advertisement, have been confirmed nisi. On December 19, 1947, a petition was presented to this court by the trustees for the termination of the trust and the distribution of the assets. A

hearing was held on said petition on December 10, 1948. Due notice of the hearing was given by advertisement and given by the trustees by mail to various persons interested. At least 50 people appeared in court at the time of the hearing.

The funds in the trustees' hands are now all cash and amount to $16,000 as shown by the last account filed in our court. Quite a few years ago, the trustees were compelled to cease paying pensions because the assets of the trust consisted of investments that were not easily liquidated and the continuing of payments of pensions to certain former employes of the settlor would have made it evident that many persons who as they grew older would have been entitled to pensions would not have received any. We believe that the action of the trustees in stopping pensions was proper, and it follows from the same reasoning that, instead of using the money presently on hand for the payment of pensions, the trust be terminated and distribution made. We approve the recommendation of the trustees in such action and we order the termination of the trust by the trustees.

Two of the present trustees would be persons entitled to pensions, and we approve the payment to them of parts of the trust fund and give the consent of this court to the distribution of part of the trust estate to the trustees.

Although the two above matters, viz., the termination of the trust and the payment of part of the trust estate to the trustees as beneficiaries need our approval, we are of the opinion that the matter of distribution is not within our authority. The trust agreement provides as follows:

"TO HAVE AND TO HOLD the said personal property above described, together with any additional sum of money, security or other property which may hereafter be transferred by Settlor to Trustees, their execu-

tors, administrators, successors or assigns, IN TRUST, NEVERTHELESS, to manage, control, invest and re-invest the same and to collect the income on the whole of the corpus as increased or diminished and to pay and distribute, or apply, all the income thereof for each year as follows:

"To such of the employees of William H. Luden, Inc., past present and/or future, and/or their dependents, in such portions and for such of the purposes hereinbefore set forth as Trustees shall select.

"IN FURTHER TRUST at any time to pay and dis-tribute, or apply, such portions of the principal of said trust to such of the persons named as beneficiaries in the preceding paragraph of this Deed, (relating to in-come), and in such amounts as Trustees shall decide, for the purposes hereinbefore set forth.

"PROVIDED, HOWEVER, that no beneficiary shall receive in any one year a sum in excess of Twelve Hun-dred Dollars ($1200.00) from either the income or the corpus of this trust, or both. PROVIDED, FUR-THER, that the right of any beneficiary to receive the benefits of this trust shall not accrue until such moneys are actually paid to the beneficiary or applied for his/her benefit; regardless of any vote of the Trustees, providing for future payments of benefits to any bene-ficiary, the right to receive such moneys so voted shall not be vested by reason of such vote, nor shall such moneys so voted be liable to the attachment of any cred-itor of the beneficiary, the Trustees having the right to revoke at any time any benefit previously voted and not yet actually paid.

"PROVIDED, FURTHER, that no officer of Wil-liam H. Luden, Inc., shall share in any manner in either the income or the principal of the trust created by this deed, nor shall Settlor have any voice in the designation of the persons who shall receive the bene-fits of this trust, or the amounts which shall be re-

ceived by such persons. The only right of Settlor in relation to the trust herein established shall be to make additions to the corpus of this trust, but such additions shall not in any year exceed twenty per cent of the net profits of the settlor corporation in that year."

It is very evident from the above that no beneficiary has any vested right in the trust fund nor, in our opinion, has any right which a court of equity would enforce in the absence of an allegation of fraud or abuse of discretion, none of which appear in this case. It is our opinion, therefore, that we cannot and should not direct the trustees as to whom and in what amounts distribution should be made. We have been, however, requested by the trustees to give advice in reference to the duties of said trustees and, although it is questionable whether courts should advise fiduciaries as to the latter's action, we believe that, under these circumstances, the setting forth of certain views by us may not be improper.

It should be noticed that the only guide for the trustees is the following condition in the trust agreement:

"The attention of the Trustees, in voting disbursements in the form of pensions, is called to the policy of the Settlor in giving first consideration to those individuals who have been in the employ of Settlor for a period of forty (40) years and have reached the age of seventy (70) years, unless physical disability shall have intervened prior to the completion of these periods."

The dissolution of the settlor in 1928 results in that, at the present time, there are no persons who worked for the settlor for 40 years and, while working for the settlor, reached 70 years of age. Therefore, it is impossible for the trustees to limit the distribution to persons meeting the requirements set forth in the above quotation from the trust agreement. There were, in 1928, two or three employes who had met the require-

ments of 40 years service, but were not then 70 years of age.

William H. Luden, Inc., was succeeded in the operation of its plant in Reading by another corporation, Luden's, Inc., which is still operating the said plant, and there are people now living who, if Luden's Inc. were the legal successor of William H. Luden, Inc., would meet the requirement of having worked for the settlor for 40 years and being 70 years of age. There are other people who have worked on the same assumption for 40 years, but are not 70 years of age and there are other people who are still working for Luden's, Inc. who are 70 years of age but have not worked for 40 years.

Considerable information was put in the record in reference to the various employes and, although we feel that we cannot order distribution, nevertheless, we believe that said testimony is important for record purposes. It is our opinion that the following group of people should participate in the distribution:

1. People who are now 70 years of age and worked for William H. Luden, Inc., and Luden's Inc., for 40 years or more.

2. People who worked for William H. Luden, Inc., and Luden's, Inc., for 40 years or more, who are still working for Luden's, Inc., although they are not 70 years of age.

3. Employes who are 70 years of age and are still working for Luden's, Inc., but did not work for William H. Luden, Inc., and Luden's, Inc., for 40 years, but have worked for them for 35 years.

In reference to this last class, it is evident that if people who are still working for Luden's, Inc., and are 70 years of age, but have not worked there for 40 years, are to be included, there must, nevertheless, be some requirement that they have worked there a certain number of years. Certainly, a person taking a job

for Luden's, Inc., when he is 60 or 65 years of age would not be entitled to participate in this fund when he becomes 70 years of age. It seems evident to us that, in order to participate in the fund, the employe must have been working for William H. Luden, Inc., either at the time that the fund was created in 1926 or at the time that William H. Luden, Inc., ceased to operate in 1928. This would be either 20 or 22 years, and it appears to us that from the whole context of the trust agreement it is plain that the settlor's intention was to cover employes who at that time had worked for the corporation for a long number of years. On the other hand, we do not think that people who are still working in the plant and who have reached the age of 70 years, but not quite filled in their full 40 years, should be excluded from participating. We, therefore, are suggesting to the trustees that the classes be as above set forth.

It will be noticed from our recommendation that everybody who worked there for 40 years would be entitled to participate regardless of whether they are presently working for Luden's, Inc., or not, but that people who have not worked there 40 years are not entitled to participate, even though they are 70 years of age, unless they are still working for Luden's, Inc., and have worked therefor at least 35 years.

It is evident that a pension plan, in order to accomplish the best results, cannot be inflexible. We believe that it is entirely proper for the trustees to pay some amounts to former employes who do not come within the above rules, and we believe that it may be advisable for them to do so. We suggest to the trustees that not more than $500 be used for this purpose.

We also believe that the trustees should take into consideration, in making their distribution, the amounts which have been paid out by them or their successors in the form of monthly or yearly pensions before such payments were stopped.

And now, to wit, July 7, 1949, it is ordered and decreed that the trust created by William H. Luden, Inc., on June 30, 1926, be terminated upon the filing by the trustees in the office of the prothonotary of this court on or before January 31, 1950, of a statement showing the distribution of all the assets, including the payment of attorneys' fees and other expenses; that said trustees be discharged and their surety released, and be it further ordered and decreed that the trustees be permitted to make distribution to any of their number upon the same basis as if said trustees were not trustees. It is further decreed that this court find that it does not have jurisdiction to order as to what persons or in what amount distribution above referred to should be made.